# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-8V
Filed: September 19, 2017
UNPUBLISHED

| | |
|---|---|
| CATHY HESSON, Personal Representative of the Estate of BERNADETTE SOKOL, deceased,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU); Ruling on Entitlement; Uncontested; Causation-In-Fact; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Adriana Ruth Teitel, U.S. Department of Justice, Washington, DC, for respondent.*

### RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On January 3, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleges that Ms. Sokol suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on October 7, 2015, and that Ms. Sokol died as a result of her GBS.  Petition at 1.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On September 15, 2017, respondent filed his Rule 4(c) report in which he states that he does not contest that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1.  Specifically, respondent states that "petitioner has satisfied the criteria set forth in the newly revised Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI") for GBS.  Although the revised Table only governs petitions filed on or after the effective date of the final rule, the evidence shows that Ms. Sokol suffered GBS following the administration of a seasonal flu vaccine, and that the onset occurred within the time period specified in the Table."  *Id.* at 5-6.  Respondent further agrees that "[r]egognizing that petitioner may re-file this petition and be afforded a presumption of causation under the revised Table, respondent will not contest entitlement to compensation in this case.  *Id.* (internal citations omitted).

**In view of respondent's position and the evidence of record, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master