# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0008V
Filed: November 15, 2017
UNPUBLISHED

| | |
|---|---|
| CATHERINE R. HESSON, Personal Representative of The Estate of BERNADETTE SOKOL, deceased,<br><br>                  Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                  Respondent. | Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Maximillian J. Muller*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Adriana Ruth Teitel*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On January 3, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleges that Ms. Sokol suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on October 7, 2015, and that Ms. Sokol died as a result of her GBS. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 19, 2017, a ruling on entitlement was issued, finding petitioner entitled to compensation.  On November 15, 2017, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $325,000.00.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Proffer at 1.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

  Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $325,000.00 in the form of a check payable to petitioner, Catherine R. Hesson, Personal Representative of the Estate of Bernadette Sokol.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

  The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

           <u>**s/Nora Beth Dorsey**</u>
           Nora Beth Dorsey
           Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CATHERINE R. HESSON, Personal Representative of the Estate of Bernadette Sokol, deceased,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 17-008V<br>Chief Special Master Dorsey<br>ECF |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On January 3, 2017, Catherine Hesson ("petitioner") filed a petition for compensation on behalf of the estate of Bernadette Sokol, under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34.  Respondent's Rule 4(c) Report, filed on September 15, 2017, conveyed that respondent would not contest entitlement to compensation.  On September 19, 2017, the Chief Special Master issued a Ruling on Entitlement, which "in view of respondent's position and the evidence of record," found that petitioner was entitled to compensation.

**I.     Items of Compensation**

Respondent proffers that, based on the evidence of record, petitioner should be awarded $325,000.00.  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

1

## II. Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$325,000.00** in the form of a check payable to **Catherine R. Hesson, Personal Representative of the Estate of Bernadette Sokol**. No payment shall be made until petitioner provides respondent with documentation establishing her appointment as the Personal Representative of the Estate of Bernadette Sokol. If petitioner is not authorized by a court of competent jurisdiction to serve as the Personal Representative of the Estate of Bernadette Sokol, any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the Estate of Bernadette Sokol, upon submission of written documentation of such appointment to the Secretary. Petitioner agrees.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

*/s/ Adriana Teitel*
ADRIANA TEITEL
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-3677

Dated: November 15, 2017